# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| ALICIA IMELDA MOFLE,<br><br>  Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | No. C13-3051-MWB<br>(CR12-3028-MWB)<br><br>**ORDER SETTING BRIEFING SCHEDULE ON PETITIONER'S MOTION TO VACATE SENTENCE AND JUDGMENT PURSUANT TO 28 U.S.C. § 2255** |

This case is before the court on petitioner Alicia Imelda Mofle's *pro se* Motion To Vacate Sentence and Judgment Pursuant to 28 U.S.C. § 2255 (docket no. 1). Having conducted its preliminary consideration of petitioner Mofle's motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Clerk of Court is directed to appoint counsel to represent petitioner Mofle on her Motion To Vacate Sentence and Judgment Pursuant to 28 U.S.C. § 2255. Petitioner Mofle, with the aid of counsel, shall file a brief in support of Mofle's current § 2255 motion on or before **November 15, 2013**. The United States is directed to file a brief in response to petitioner Mofle's § 2255 motion on or before **December 16, 2013**. Petitioner Mofle shall file any brief in reply on or before **January 8, 2014**.

The court notes that petitioner Mofle raises a claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney necessary to prove or disprove the claim. *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (citing *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence

of his attorney, the privilege is waived."). Therefore, counsel whose representation is challenged shall cooperate with the United States and provide information, documents, and an affidavit, if necessary, responsive to any ineffective assistance of counsel claim in petitioner Mofle's § 2255 motion.

Where former counsel cooperates by reviewing his or her files, by providing information and documents, by preparing an affidavit and/or by testifying during an evidentiary hearing, the court deems it appropriate to pay him or her under the Criminal Justice Act, 18 U.S.C. § 3006A. After providing the requisite services, counsel may submit a supplemental CJA 20 voucher. Absent exceptional circumstances or an extraordinary reason for doing so, counsel's claim for services should not exceed 10 hours and claim for other expenses should not exceed $250.00.

**IT IS SO ORDERED.**

**DATED** this 13th day of September, 2013.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA