IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ALICIA IMELDA MOFLE,<br><br>    Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. C 13-3051-MWB<br>(No. CR 12-3028-MWB)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S MOTION FOR LEAVE TO FILE AN AMENDED § 2255 MOTION** |

_____

On September 9, 2013, petitioner Alicia Imelda Mofle filed her *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody (§ 2255 Motion) (Civ. docket no. 1). In her § 2255 Motion, Mofle seeks relief from her November 8, 2012, guilty plea, pursuant to a plea agreement, and her March 6, 2013, sentence to 168 months of imprisonment for two methamphetamine manufacturing and distributing offenses.[1] *See* Plea Hearing Minutes (Crim. docket no.

---

[1] Mofle was sentenced on one count of conspiracy to manufacture and distribute 50 grams or more of actual (pure) methamphetamine within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 846 and 860, and one count of manufacturing and attempting to manufacture 5 grams or more of actual (pure) methamphetamine and a methamphetamine mixture within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841 and 860. Pursuant to Mofle's plea agreement, a third count—charging her with possession and aiding and abetting the possession of a methamphetamine precursor (pseudoephedrine) with intent to manufacture methamphetamine and having reasonable cause to believe the precursor would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)—was dismissed at the time of

79); Sentencing Hearing Minutes (Crim. docket no. 116); Judgment (Crim. docket no. 117) (entered March 8, 2013).[2] Mofle did not appeal her conviction or sentence. In her *pro se* § 2255 Motion, however, Mofle asserts the following claims for relief from her conviction and sentence: (1) a claim of "ineffective legal counsel," with no allegation of supporting facts identifying the nature of the allegedly ineffective assistance provided by counsel; (2) a claim that Mofle "did [not] want [to] take the 1st plea but I halfway signed the 1st plea but was not ready to turn [it] in [and] [a]ttorney turned in plea even though [I] did not complet[e]ly sign all documents"; and (3) a claim that Mofle "had to finish signing [the plea agreement] or was threatened that everything that I did sign would be used against me."

In an Order (Civ. docket no. 2), filed September 9, 2013, I directed the respondent to file an answer or motion in response to Mofle's § 2255 Motion on or before November 10, 2013. The respondent filed an Answer (Civ. docket no. 3) on September 12, 2013. In an Order (docket no. 4), filed September 13, 2013, I directed the Clerk of Court to appoint counsel for Mofle; gave Mofle to and including November 15, 2013, to file a brief in support of her § 2255 Motion "with the aid of counsel"; gave the respondent to and including December 16, 2013, to file a response to Mofle's § 2255 Motion; and gave Mofle to and including January 8, 2014, to file any reply.

---

Mofle's sentencing on the first two charges. *See* Indictment (Crim. docket no. 1); Judgment (Crim. docket no. 117).

[2] Count 2 is incorrectly identified in the Judgment (Crim. docket no. 117) as "Conspiracy To Manufacture And Distribute 5 Grams or More of Methamphetamine Actual or Mixture Within 1,000 Feet of a Protected Location," all in violation of "21 U.S.C. § 806(a) [sic] and 21 U.S.C. § 841(b)(1)(B)." This error did not have any impact on Mofle's sentence.

After various extensions of time to file her brief, on April 17, 2014, Mofle, through counsel, filed, instead, an Amended Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Amended § 2255 Motion) (Civ. docket no. 21). In her Amended Motion, Mofle's § 2255 counsel stated,

> In addition to the allegations of ineffective assistance of counsel asserted in the pro se petition, the undersigned alleges that trial counsel provided ineffective assistance of counsel in not arguing for a variance from the advisory United States Sentencing Guidelines based on a policy disagreement with guidelines related to methamphetamine.

Amended § 2255 Motion at 1. The only claim briefed in Mofle's Brief In Support Of Amended Motion To Vacate Sentence And Judgment Pursuant To 28 U.S.C. § 2255 (Brief) (Civ. docket no. 21-1 was this "additional" claim. Mofle did not include in this Brief any argument concerning the timeliness of this "additional" claim.

Mofle had neither filed nor been granted leave to file an "Amended § 2255 Motion." Thus, by Order (Civ. docket no. 22), filed April 18, 2014, I construed Mofle's Amended Motion as a motion to amend her § 2255 Motion (Motion To Amend). I then directed the respondent to file any response to Mofle's Motion To Amend on or before April 30, 2014. On April 22, 2014, the respondent filed its Resistance To Motion For Leave To File Amended § 2255 Motion (Civ. docket no. 24). In its Resistance, the respondent notes that Mofle had never been granted leave to file an amended § 2255 motion, nor had she received the consent of the respondent prior to doing so, as required by Rule 15(a) of the Federal Rules of Civil Procedure. The respondent also argues that Mofle's Amended § 2255 Motion asserts an entirely new and untimely claim of ineffective assistance of counsel. More specifically, the respondent argues that, because the deadline for Mofle's § 2255 Motion under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255(f), was March 22, 2014, but Mofle

3

did not file her "new" claim until April 17, 2014, and because Mofle's "new" claim is not related to the claims in her original § 2255 Motion, that "new" claim is untimely.

Section 2255 proceedings are civil in nature and, therefore, governed by the Federal Rules of Civil Procedure, *see, e.g., Mandacina v. United States*, 328 F.3d 995, 1000 & n.3 (8th Cir.), *cert. denied*, 540 U.S. 1018 (2003), including Rule 15 regarding amendments. As to the requirements of Rule 15(a), I note that Mofle filed her Amended § 2255 Motion much more than 21 days after the respondent filed its Answer, so that the amendment is *not* one permitted "as a matter of course." FED. R. CIV. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (c), or (f), whichever is earlier."). Indeed, the respondent is correct that Mofle's "new" claim was asserted approximately six months after her time to amend as a matter of course, pursuant to Rule 15(a)(1), expired on October 3, 2013, 21 days after the respondent filed its Answer on September 12, 2013. Resistance at 2. Furthermore, Mofle did not obtain either leave of court or consent of the respondent for the amendment after the expiration of her time to amend as a matter of course. FED. R. CIV. P. 15(a)(2) (if not filed as a matter of course within the meaning of Rule 15(a)(1), "a party may amend its pleadings only with the opposing party's written consent or the court's leave"). Consequently, I deny Mofle's Motion To Amend and strike her Amended § 2255 Motion, because her Amended § 2255 Motion is not authorized as required by Rule 15(a).[3]

---

[3] Rule 15(b), authorizing amendments during and after trial, under certain circumstances, is inapplicable here.

In addition, or in the alternative, Mofle's "new" claim is untimely. I have previously stated that "the timeliness, or lack thereof, of [a § 2255 petitioner's amended claims] is interdependent upon the starting date for the one-year limitation." *United States v. Ruiz–Ahumada*, No. CR02-4054-MWB, 2006 WL 3050807, *2 (N.D. Iowa Oct. 24, 2006); *see also Johnson v. United States*, 860 F. Supp. 2d 663, 711 (N.D. Iowa 2012). The respondent asserts, and Mofle does not dispute, that the starting date for the one-year statute of limitations for her § 2255 Motion was March 22, 2013, when her time to appeal her conviction and sentence expired, and that the statute of limitations expired on March 22, 2014. While Mofle's original § 2255 Motion, filed on September 9, 2013, was filed within this one-year limitations period, her Amended § 2255 Motion, filed on April 17, 2014, was not.[4]

I have previously noted that "courts, including the Eighth Circuit Court of Appeals, have recognized that amendments pursuant to Rules 15(a) or 15(b) in § 2255 cases, offered after the expiration of the § 2255 statute of limitations, are still subject to the 'relation back' requirements of Rule 15(c)." *Johnson*, 860 F. Supp. 2d at 711. More specifically, I have previously observed that "'an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion *if and only if* the original motion was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case.'" *Ruiz–Ahumada*, 2006 WL 3050807 at *2 (emphasis added) (quoting *United States v. Espinoza–*

---

[4] The respondent erroneously asserts that Mofle's "new" claim was filed "approximately six months past the one-year time limitation." Resistance at 3. The "new" claim was actually filed approximately three-and-a-half *weeks* after Mofle's one-year statute of limitations expired. On the other hand, her Motion To Amend was filed approximately six *months* after her time to amend as a matter of course expired. *See, supra,* page 4.

5

*Saenz*, 235 F.3d 501, 505 (10th Cir. 2000)). Thus, Mofle's Amended § 2255 Motion is only timely if the "new" claim asserted in it "relates back" to the filing of Mofle's original § 2255 Motion. *Id.*; FED. R. CIV. P. 15(c).

The Eighth Circuit Court of Appeals has explained the requirements for "relation back," as follows:

> Claims made in an amended motion relate back to the original motion when the amendment asserts a claim that arose out of the same "conduct, transaction, or occurrence set out … in the original" motion. Fed.R.Civ.P. 15(c)(1)(B). To arise out of the same conduct, transaction, or occurrence, the claims must be "tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005) (applying Rule 15(c) to a 28 U.S.C. § 2254 petition). An amended motion may raise new legal theories only if the new claims relate back to the original motion by "aris[ing] out of the same set of facts as [the] original claims." *Mandacina*, 328 F.3d at 1000. The facts alleged must be specific enough to put the opposing party on notice of the factual basis for the claim. *See [United States v.] Hernandez*, 436 F.3d [851,] 858 [(8th Cir.), *cert. denied*, 547 U.S. 1172 (2006)] (explaining the rationale for Rule 15(c)). Thus, it is not enough that both an original motion and an amended motion allege ineffective assistance of counsel during a trial. *See United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir.2005) ("[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance."), *cert. denied*, 547 U.S. 1217, 126 S.Ct. 2906, 165 L.Ed.2d 936 (2006). The allegations of ineffective assistance "must be of the same 'time and type' as those in the original motion, such that they arise from the same core set of operative facts." *Hernandez*, 436 F.3d at 857 (quoting *Mayle*, 545 U.S. at 650, 657, 660, 125 S.Ct. 2562 and holding that ineffective assistance claim alleging that counsel

> inadequately cross-examined two witnesses did not relate back to a claim for ineffective assistance related to counsel's failure to object to the admission of evidence lacking a proper foundation); *see also Mandacina*, 328 F.3d at 1002 (concluding that counsel's alleged failure to investigate the police report of an interview naming potential suspects was not a similar type of error as allegedly failing to discover exculpatory footprints during counsel's investigation of the case); *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir.1999) (failure to file an appeal is not the same type of error as failure to seek a downward departure or challenge the drug type at sentencing).

*Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010); *see also Johnson*, 860 F. Supp. 2d at 713-14 (quoting this passage from *Dodd*).

The "new" "ineffective assistance" claim in Mofle's Amended § 2255 Motion plainly does *not* "relate back" to the claims in her original § 2255 Motion under this standard, because there is no "common core" of facts between the "new" and "old" claims. *Dodd*, F.3d at 515. It is not enough that Mofle originally asserted an "ineffective assistance" claim, and that the "new" claim is also an "ineffective assistance" claim, particularly where Mofle asserted the original "ineffective assistance" claim with no supporting factual allegations. *Id.* Furthermore, it is not clear whether the second and third claims in Mofle's original § 2255 Motion even are "ineffective assistance" claims, rather than claims that the conduct of some other parties (the prosecution or the court) or some other circumstances caused some alleged constitutional violations arising from Mofle's partial signing of the plea agreement and the "threats" (by an unidentified person) that the partially signed plea agreement would be used against her. The facts alleged in Mofle's original § 2255 Motion simply were not specific enough to put the respondent on notice of the factual basis for the "new" claim of ineffective assistance for failure to seek a variance based on a policy disagreement with the Sentencing Guidelines for methamphetamine offenses. *Id.*

7

Furthermore, even if the original factual allegations of ineffective assistance were more specific, the "new" allegations of ineffective assistance are not "of the same 'time and type' as those in the original motion." *Id.* (internal quotation marks and citations omitted). None of Mofle's original claims or the limited facts alleged in support of them hint at the factual basis for a claim that trial counsel was ineffective for failing to seek a variance based on a policy disagreement with the methamphetamine guidelines. The "old" claims do not contain allegations concerning a sentencing variance at all, let alone a sentencing variance based on a policy disagreement. Similarly, the "old" claims contain no allegations concerning trial counsel's failure to seek such a variance. Indeed, the lack of any reply by Mofle or her counsel to the respondent's Resistance to her attempt to amend her § 2255 Motion to assert a "new" claim must be understood as a concession that there is no good faith argument that her "new" claim "relates back" to the filing of her original claims.

Consequently, Mofle's Motion To Amend is denied, and her purported Amended Motion is stricken.

I will not, however, dismiss Mofle's § 2255 Motion in its entirety. As yet, there has been no offer of a brief supporting Mofle's claims in her original § 2255 Motion nor any demonstration that those original claims are without merit—indeed, the respondent filed an Answer rather than a motion to dismiss those claims for failure to state claims upon which relief can be granted. It is possible that counsel asserted a "new" claim in Mofle's Amended § 2255 Motion, instead of briefing the claims in her original § 2255 Motion, because his investigation demonstrated that Mofle's original claims were untenable. The proper course for counsel in those circumstances, however, was not to try to change the claim or claims at issue without leave of court or consent of opposing counsel, but to file an *Anders* brief in support of Mofle's original claims.

8

THEREFORE,

1. Mofle's April 17, 2014, Motion To Amend is **denied**, and her Amended Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Amended § 2255 Motion) (Civ. docket no. 21) is **stricken** *as unauthorized and untimely*; and

2. Further briefing concerning the merits of Mofle's *original* claims for § 2255 relief is required pursuant to the following schedule:

   a. Mofle shall have **to and including June 11, 2014,** within which to file a supplemental brief in support of her original § 2255 Motion, with the assistance of counsel, and, if counsel cannot file such a brief in good faith, counsel shall file an *Anders* brief within that time. *If no brief is filed within that time, Mofle's § 2255 Motion will be dismissed for want of prosecution.*

   b. The respondent shall have **to and including July 2, 2014,** to file a brief in response to Mofle's supplemental brief or *Anders* brief, if any.

   c. Mofle shall have to and including July 25, 2014, to file any reply brief (either pro se or with the assistance of counsel).

**IT IS SO ORDERED**.

**DATED** this 27th day of May, 2014.

*[signature: Mark W. Bennett]*
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA